United States District Court
Southern District of Texas

**ENTERED**

June 03, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KILIAN YOJENI ECHEVERRIA-GUILLEN, Petitioner, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-04347 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| RANDY TATE, *et al*, Respondents. | § § | |

### ORDER

Petitioner Kilian Yojeni Echeverria-Guillen filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 1, 2026. Dkt 1. She states that she was paroled into the United States at a prior date but acknowledges that this parole expired on September 3, 2014. Id at ¶1; see also Dkt 1-2 (grant of parole). Petitioner nonetheless asserts that her present detention violates the Due Process Clause of the Fifth Amendment. See id at ¶¶41–51.

The Fifth Circuit has now issued a controlling decision with respect to the lawfulness of detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Moreno Sanchez v Smith*, 2025 WL 3687914, *2 (SD Tex): Holding that claims relying on prior status as a parolee fail because the decision to revoke parole is jurisdictionally barred and, regardless, returns a petitioner to status as an arriving alien subject to mandatory detention under 8 USC §1225(b)(1).

Such rulings may foreclose all issues in the present petition. That said, Petitioner is entitled to a show-cause order pursuant to 28 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by June 9, 2026, absent extension.

Petitioner may file any reply by June 15, 2026.

Hearing will be set if determined necessary after briefing closes.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

SO ORDERED.

Signed on June 3, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge